beneath the feet of the defendants before the motion was made, and it was properly denied. The notes were overdue at the time of the commencement of this action, and as they were in the possession of the defendants when they were destroyed, they encounter no danger by a recovery in this action, based upon the original indebtedness for which the notes were given. The defendants did not deny the reception of the money, but they say the wife took it. The theory of the defense was that the money was received upon an understanding that the defendants were to keep the plaintiff and her sister, and care for them while they lived. Both the defendants testified that the money was received by the daughter-in-law under that agreement, and the whole case was fairly submitted to the jury in a charge to which there was no exception taken. The jury found a verdict for the plaintiff for $655. It must be assumed now, therefore, that the jury received the testimony of the plaintiff as the truth of the case, and upon that assumption the verdict is fully sustained. In fact it is difficult to believe that the defendants would have given their promissory notes to the plaintiff for the money delivered to them unless they received it as a loan. If the money was an advance payment for board and care to be furnished to the plaintiff and her sister it would have been unnatural for them to give their notes therefor because in that view they would have been under no obligation to repay the money. They would then give the plaintiff no evidence of a debt, because there was none. The record discloses no error and the judgment should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

Barbara Lauber, Respondent, v. The Jamaica and Brooklyn Road Company, Appellant.— Judgment and order affirmed, with costs. No opinion. All concur.

Mary Ann Wright, Respondent, v. The Brooklyn Elevated Railroad Company and Another, Appellants.— Judgment affirmed, with costs. No opinion. All concur.

George W. Burrows, Appellant, v. James McMurray, as President of the Fifteenth Ward Republican Association and Another, Respondents.— Judgment affirmed, with costs.—

PRATT, J.: This complaint was held insufficient, on motion to dismiss at the trial, on the ground that it failed to state facts sufficient to constitute a cause of action. It sought to vacate the credentials of four out of five delegates chosen by the Fifteenth Ward Republican Association of Brooklyn to the Republican general committee of Kings county. Neither the association, the general committee, nor any individual representing it, nor either of the four individuals whose credentials are attacked are parties. The only ground alleged against the four delegates or their credentials is that "under the constitution and by-laws they are incompetent and disqualified from occupying the position." The provisions of the constitution and by-laws bearing upon competency or qualifications are not stated nor is it alleged that any such provisions exist. Other difficulties might be stated without going into detail. It is plain that the conclusion of the learned trial judge was correct. Judgment affirmed, with costs. Brown, P. J., and Dykman, J., concurred.

De Witt C. Bouker, Jr., v. The Long Island Railroad Company. No. 2.— Judgment affirmed, with costs. No opinion. All concur.

Jane Hussey, Respondent, v. The New York Recorder Company, Appellant.— Judgment affirmed, with costs, with leave to defendant to answer in twenty days on payment of costs.—

PRATT, J.: I entertain no doubt of the propriety of the action of the learned trial judge in overruling this demurrer. The case of *Moore* v. *Francis* (121 N. Y. 199), so much relied on by appellant, is an authority against it. We think the complaint states a plain cause of action for libel. We fail to find in the opinion in that case the words, apparently quoted in defendant's points. Judgment affirmed, with costs, with leave to defendant to answer within twenty days on payment of costs. Brown, P. J., and Dykman, J., concurred.

Catharine Wimmer, Respondent, v. Patrick Cleary and Others, Appellants.— Judgment affirmed, with costs. No opinion. All concur. Dykman, J., not sitting.

Ellen O'Connor, Respondent, v. The Sea Side and Brooklyn Bridge Railroad Company and Others, Appellants. — Judgment affirmed, with costs. No opinion. All concur.

James L. Reynolds, Respondent, v. The New York Building Loan Banking Co., Appellant. — Judgment and order affirmed, with costs.—

PRATT, J.: There is no dispute that the secretary was the proper person to receive notices of withdrawal of funds. The power to receive notices implied the power to reject them if irregular, and the duty to inform the applicant of the action taken. Any other rule would give a corporation a license to commit fraud. Had the secretary, when the notice was given, announced to plaintiff that the transfer of shares to him must be entered on the corporation books, that would have been promptly done. That obligation was for the benefit of the company. Once waived, it cannot now be insisted upon. Judgment affirmed, with costs. Dykman, J., concurred; Brown, P. J., not voting.

William N. Coler and Others, Appellants, v. The South St. Paul Belt Railroad Company, Respondent. — Judgment affirmed, with costs, with leave to plaintiff to amend his complaint in twenty days on payment of costs. No opinion. All concur.

John L. Merritt v. John B. Pierano.— Reargument ordered.*

Benjamin Tuthill, Appellant, v. Mary R. Goss and Another, Respondents.— Judgment affirmed, with costs, with leave to defendant to answer in twenty days on payment of costs.—

PRATT, J.: The opinion at Special Term covers the question so fully that further discussion is unnecessary. The statements in the 8th subdivision of the defendant's pleading are appropriate for an answer but out of place in a demurrer. They were, therefore, properly disregarded at Special Term as not being properly before the court. The judgment must be affirmed, with costs, with leave to answer on payment of costs. Brown, P. J., and Dykman, J., concurred.

Wilhelm Stabenau, Respondent, v. Atlantic Avenue Railroad Company, Appellant.— Judgment and order affirmed, with costs. No opinion. All concur.

John A. Knox, Appellant, v. William M. Chandler, Respondent.— Judgment and order affirmed, with costs.—

DYKMAN, J.: This is an appeal by the defendant from a judgment in favor of the plaintiff entered upon the verdict of a jury after a trial at the Circuit. The action was for malicious prosecution. As the testimony was substantially uncontradicted, or at least such that but one conclusion could be fairly reached upon the question, the trial judge determined that there was not probable cause for the prosecution, and left the question of damages to the jury. There was no error committed upon the trial and the judgment must be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

* See *ante*, page 207.