KATHI L. WEMPLE, an Infant, by MARY A. DROLSDAUGH, Her Guardian ad Litem, Plaintiff, *v.* CHARLES F. DELANO, Defendant.

Supreme Court, Special Term, Nassau County, September 4, 1946.

*Goodman & Blumberg* for defendant.

*Abraham Wilson* for plaintiff.

KADIEN, J. Motion by the defendant for an order, pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

This is a libel case against an owner of a newspaper. The complaint sets out in full the alleged libelous article. The answer admits its publication and justifies it upon the ground that it was published without malice and with the honest and sincere belief that the matter contained therein was true; that the information upon which the article is based came to the defendant in the regular course of business, i.e., the report of the proceedings of the Village Board of Amityville, and that the publication was privileged and made in good faith.

I am of the opinion that the publication of written words imputing insanity or the impairment of mental faculties or want of mental capacity is actionable per se, whether it does or does not affect the business, profession or office of the person concerning whom the words are written or printed (*Hussey* v. *New*

*York Recorder Co.*, 89 Hun 609; *Lawson* v. *Morning Journal Association*, 32 App. Div. 71). It seems clear that a written or printed statement containing such an imputation tends to injure the reputation of a person. Certainly it exposes him to aversion and ostracism and deprives him of the confidence and free intercourse of society.

Whether the article as it was published in the defendant's newspaper imputes insanity, etc., to the infant plaintiff is a question for the trier of the facts. In my opinion there is, as a matter of pleading, a sufficient basis for construing the article as containing such an imputation (*Cassidy* v. *Gannett Co., Inc.*, 173 Misc. 634, and the authorities there cited). The motion is, accordingly, denied.

Submit order.